312

VIRGIE TYREE, ADM'X ET AL *v.* W. O. FOWLER ET AL

5-4986                                          445 S. W. 2d 99

Opinion delivered October 6, 1969

*Fletcher Long,* for appellants.

*Giles Dearing,* for appellees.

CONLEY BYRD, Justice. The sole issue on this appeal by appellants Virgie Tyree, Vedith Bowling, Noma Adams, Mildred Leamon, Earl Thomas, and Ellis Thomas is whether appellees W. O. Fowler and Doris Fowler, his wife, have sustained the burden of proof to establish that appellants waived the completion date in a real estate sales contract.

The record shows that Ella Ellis Haynie was the common source of title to the 128 acres here involved. Appellants' ancestor, Dora Thomas, was one of the heirs of Ella Ellis Haynie. After the death of Dora Thomas, appellants together with the other heirs of Ella Haynie, contracted with appellees on March 27, 1963, to sell the 128 acres. The price was $10,240.00, payable $500.00 cash earnest money and the balance of $9,740.00 to be paid on delivery of good title. Possession was to be delivered to the buyers immediately. Since it was contemplated that the sellers would be unable to

perfect their title until the fall of 1963, the contract provided that if the sellers were unable to remedy the title defects by December 20, 1963, the contract should terminate, the earnest money should be returned to the buyers, and the sellers would be entitled to a one-fourth crop rental for 1963.

The lawyer who drew the contract testified that it was contemplated by all parties that a confirmation of title suit would be filed to clear the title of Ella Haynie since she had no record title and that probate proceedings of Dora Thomas's estate would have to be completed before the sale could be consummated. His testimony shows that he did not receive enough information from the sellers to file the confirmation of title suit until March 1964 and that the suit, involving some 57 defendants, was not completed until September 1965. Furthermore, before the six months non-claim statute ran on the estate of Dora Thomas in March of 1964, the Welfare Commissioner of Arkansas filed a $5,000.00 claim. On August 4, 1967, the Welfare Department withdrew its claim.

The undisputed facts show that after completion of the confirmation suit, the other Ella Haynie heirs conveyed their four-fifths interest to appellees. Although the earnest money check payable to the Dora Thomas estate was issued on March 27, 1963, appellants did not cash it until January 31, 1964. In September 1967, following withdrawal of the Welfare Department's claim, appellants' attorney wrote appellees asserting a one-fifth ownership and demanding an accounting for rents. They commenced the present partition suit and request for accounting in April 1968, in which appellees cross-complained for specific performance.

The 1963 crop proceeds amounted to $1,467.52 from which, appellants concede, cost of poison and fertilizer, of $491.78 should be subtracted. This leaves crop proceeds of $975.74, of which appellants would only be entitled to receive one-fifth of one-fourth, or $48.78.

314

Therefore as we understand the facts, appellants while making little or no effort to comply with the terms of their contract before the December 1963 deadline, thereafter cashed the earnest money check and have since failed and neglected to return the same, while appellees have stood by ready to perform their part of the agreement. Under the circumstances, a preponderance of the evidence supports the Chancellor's finding that appellants waived the December 1963 condition of their contract.

Affirmed.